JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08196-RGK (SHx) | Date | October 11, 2012 |
|---|---|---|---|
| Title | *ZOLI A. OSAZE v. WELLS FARGO BANK, N.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On September 21, 2012, Defendant Wells Fargo Bank ("Defendant"), removed this action from the Superior Court of Los Angeles County to the United States District Court, Central District of California on the basis of diversity of citizenship.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. National banks are citizens of "the States in which they are respectively located." 28 U.S.C. § 1348. Additionally, a defendant may not remove a case to federal court on the basis of diversity jurisdiction if it is a citizen of the state in which it was sued. 28 U.S.C. § 1441(b). In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that the term "located" in § 1348 at least included the state of the bank's primary office as listed in its articles of association and did not include every state in which the bank had a branch office. The Court left unanswered the question of whether the term also included the state in which the bank has its primary place of business. *Schmidt*, 546 U.S. at 315 n.8. This Court finds that based on the legislative history of the jurisdiction and citizenship statutes, that a national bank is located, and therefore a citizen for purposes of diversity jurisdiction, in the state of association and the state of its primary place of business. Therefore, Defendant is a citizen of both

South Dakota and California. Complete diversity is lacking between the parties and removal is improper.

     For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**

: _____

Initials of Preparer